UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
KENNETH GRAFTON,

Plaintiff,

- against -

NASSAU HEALTH CARE CORPORATION; NASSAU COUNTY CORRECTIONAL FACILITY; DR. DONNA HENIG, MD, CCHP, Medical Director 66300; DR. FRANCIS X. RATHINAPANDIAN MD, Mental Health #10411,

Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
2:26-CV-5376 (PKC) (JMW)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Kenneth Grafton, currently incarcerated at the Nassau County Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), claiming that Defendant Dr. Francis X. Rathinapandian violated the Health Insurance Portability and Accountability Act ("HIPAA") by discussing Plaintiff's mental health in the presence of Plaintiff's cellmate, and that Defendant Dr. Donna Henig failed to properly diagnose Plaintiff during a sick call. (Compl., Dkt. 1, at ECF[1] 4, 8–9.) Plaintiff seeks $10,000,000 in damages. (*Id.* at ECF 5.) On August 31, 2026, Plaintiff moved to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the reasons explained herein, Plaintiff's request to proceed IFP is granted, but the Court dismisses the Complaint for failure to state a claim upon which relief can be granted.

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## LEGAL STANDARD

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court may dismiss a *pro se* action *sua sponte* under certain circumstances. A court shall dismiss an IFP action under 28 U.S.C. § 1915(e)(2)(B) where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

At the same time, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).

## DISCUSSION

Plaintiff's Complaint raises two claims under Section 1983 against Defendants Rathinapandian and Henig. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Plaintiff's claim against Defendant Rathinapandian[2] must be dismissed because Section 1983 does not provide a method for vindicating violations of HIPAA. HIPAA prohibits the disclosure of medical records without a patient's consent, but it does not provide a private right of action. *See Meadows v. United Services, Inc.*, 963 F.3d 240, 242 (2d Cir. 2020) (per curiam) ("[T]here is no private right of action under HIPAA, express or implied."); *see also Az-Zahid v. Murphy*, No. 23-CV-6718 (KMK), 2026 WL 880539, at *3 n.6 (S.D.N.Y. Mar. 31, 2026) (noting that HIPAA does not create a private right of action). In other words, Plaintiff cannot assert that Defendant Rathinapadian deprived him of a right guaranteed by the laws of the United States. *See Rodgers v. Rensselaer Cnty. Sheriff's Dep't*, No. 1:14-CV-1162 (MAD), 2015 WL 4404788, at *7 (N.D.N.Y. July 17, 2015) ("[B]ecause there is no private right to action under HIPAA, a violation of the Act cannot serve as the basis of a [Section] 1983 claim.")

[2] The Court assumes that the claim against Defendant Rathinapandian is asserted against him in his individual capacity. *See Mandala v. Coughlin*, 920 F. Supp. 342, 350 (E.D.N.Y. 1996) (explaining that Section 1983 claim against state official for damages can only be asserted against them in their individual capacity).

Plaintiff's claim against Defendant Henig[3] also must be dismissed for failure to state a claim. Plaintiff asserts claims for negligence, medical malpractice, and deliberate indifference to his medical needs, among others, based on Dr. Henig's alleged failure to properly diagnose Plaintiff's respiratory symptoms and order an X-ray on June 1, 2026. (Compl., Dkt. 1, at ECF 4.) Plaintiff appears to allege that Dr. Henig misdiagnosed him with bronchitis, (*id.*), when he was suffering from a bacterial infection, (*id.* at ECF 8–9). However, mere disagreement over the proper medical treatment provided to an incarcerated individual does not rise to the level of a constitutional violation. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Further, negligence, even if it constitutes medical malpractice, does not, without more, give rise to a constitutional claim. *See id.*; *accord Alston v. N.Y.C. Dept. of Corr.*, No. 24-CV-6444 (NRB), 2026 WL 752955, at *5 (S.D.N.Y. Mar. 17, 2026). Thus, to the extent that Plaintiff asserts a Section 1983 claim against Dr. Henig for negligence and medical malpractice, Plaintiff has failed to state a claim that Dr. Henig deprived Plaintiff of a right secured by the Constitution or laws of the United States.

To be sure, a prisoner may make a constitutional claim arising from medical treatment when he can show "deliberate indifference" to his medical needs. Claims of deliberate indifference to serious medical needs are analyzed under the Eighth Amendment for convicted prisoners and under the Fourteenth Amendment's Due Process Clause for pretrial detainees. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state a claim for deliberate indifference under the Eighth and the Fourteenth Amendments, Plaintiff must plead: (1) "a serious medical need"; and

---

[3] The Court also assumes that the claim against Defendant Henig is asserted against her in her individual capacity.

(2) "that the Defendants acted with deliberate indifference to such needs." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019).

Plaintiff's Complaint fails to state a claim for deliberate indifference against Dr. Henig for several reasons. First, Plaintiff's Complaint does not indicate whether he was a pretrial detainee or post-conviction inmate at the time of the alleged constitutional deprivation, which makes it impossible for the Court to determine the relevant standard governing his claims. Second, Plaintiff has not alleged that he suffered from a sufficiently serious injury. Plaintiff alleges that he was experiencing respiratory symptoms that were misdiagnosed, and by doing so, Dr. Henig "put[] [Plaintiff's] life at risk." (Compl., Dkt. 1, at ECF 4, 8–9.) These sparse allegations alone do not sufficiently plead that Plaintiff suffered from "a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).[4] Third, Plaintiff has failed to allege any facts from which to plausibly infer that Dr. Henig acted with deliberate indifference. Under the Fourteenth Amendment, deliberate indifference requires showing "either that the defendant[] *knew* that . . . the complained of medical treatment would pose a substantial risk to [the plaintiff's] health or that the defendant[] *should have known*" it would pose such a risk. *Charles*, 925 F.3d at 87; *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). Under the Eighth Amendment, the plaintiff must allege facts showing that the defendant *actually knew* of and disregarded the risk. *See Darby*, 14 F.4th at 128. Plaintiff does not allege anything about Dr. Henig's awareness of the substantial

---

[4] "In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, [courts also] consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Charles*, 925 F.3d at 86 (citing *Chance*, 143 F.3d at 702).

risk to Plaintiff's health and instead alleges misdiagnosis, which does not rise to the level of deliberate indifference. *See Figueroa v. County of Rockland*, No. 16-CV-6519 (NSR), 2018 WL 3315735, at *6 (S.D.N.Y. July 5, 2018) (explaining misdiagnosis does not satisfy this element of a deliberate indifference claim). Moreover, as Plaintiff acknowledges, he subsequently received an X-ray. *Compare* (Compl., Dkt. 1, at ECF 4), *with Melvin v. County of Westchester*, No. 14-CV-2995 (KMK), 2019 WL 1227903, at *9 (S.D.N.Y. Mar. 15, 2019) (recognizing deliberate indifference claims where "a misdiagnosis led to insufficient treatment, and a defendant failed to reassess the inmate's condition despite clear signs the prescribed treatment was deficient"); *Grays v. McGrain*, 333 F. Supp. 3d 225, 237 (W.D.N.Y. 2018) (collecting cases reaching a similar conclusion). Accordingly, Plaintiff's claims for the denial of proper medical care are dismissed.

Finally, Plaintiff has not stated a claim against Defendants Nassau Health Care Corporation and Nassau County Correctional Facility. Plaintiff cannot assert claims against Nassau County Correctional Facility because it is an administrative arm of a municipality and cannot be sued under Section 1983. *See Dennis v. Nassau Cnty. Corr. Ctr.*, No. 19-CV-4041 (KAM) (LB), 2020 WL 2836769, at *2 (E.D.N.Y. June 1, 2020) (explaining that Nassau County Correctional Facility cannot be sued under Section 1983). And although Defendant Nassau Health Care Corporation may be sued as a municipal entity under Section 1983 if a plaintiff shows that it maintained a "custom or policy that deprived [a plaintiff] of a constitutional right," *Miller v. Nassau Health Care Corp.*, No. 18-CV-6500 (JS) (GRB), 2019 WL 2164086, at *4 (E.D.N.Y. May 16, 2019) (quoting *McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002)), Plaintiff offers no such allegations here.

## LEAVE TO FILE AN AMENDED COMPLAINT

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim

might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Accordingly, the Court grants leave for Plaintiff to file an Amended Complaint solely with regard to his deliberate indifference claim against Defendant Henig and his Section 1983 claim against Nassau Health Care Corporation. If Plaintiff chooses to amend his complaint, it should be titled "AMENDED COMPLAINT." Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff is cautioned that the amended complaint will completely replace, not supplement, the prior complaint, so any facts or claims that he wants to include from the prior complaint must be repeated in the amended complaint. Plaintiff is directed to file a proposed Amended Complaint in **thirty days**, by November 6, 2026.

If Plaintiff fails to file an Amended Complaint within thirty (30) days of this Order, or fails to show good cause why he cannot comply with this deadline, the Court shall enter judgment dismissing this action. If Plaintiff files an Amended Complaint, it will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's IFP Motion and dismisses Plaintiff's Complaint for failure to state a claim. Defendants Nassau County Correctional Facility and Dr. Rathinapandian are dismissed from this action. Plaintiff shall file an Amended Complaint by November 6, 2026. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 6, 2026
Brooklyn, New York